# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET | Tel: (718) 246-2900 |
| 35TH FLOOR | Fax: (718) 246-2903 |
| BROOKLYN, NEW YORK 11241 | Email: mhueston@nyc.rr.com |

ADMITTED NY

March 22, 2022

**BY ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *United States v. Peralta, et al.*, 22 Cr. 150 (JPC)

Your Honor:

**A.**    **Preliminary Statement**

    Mr. Manuel Peralta respectfully moves the Court for a bail hearing and an order granting his pretrial release, pursuant to 18 U.S.C. § 3142(c).

    Mr. Peralta submits the following bail proposal to alleviate any concerns the Court may have that he is a danger to the community or a risk of flight: a $100,000.00 bond secured by five financially responsible persons; home detention at Mr. Peralta's residence; electronic monitoring; pretrial supervision; and other conditions Pretrial Services may believe appropriate.

    Mr. Peralta is charged in the Indictment with being involved in narcotics conspiracies in violation of 21 U.S.C. § 841(b)(1)(B) at Counts One and Two.[1] Mr. Peralta was arrested on March 14, 2022, presented on March 22, 2022, with the government seeking his detention; and an order of detention was entered with leave for him to reopen the matter and present a bail package.[2]

**B.**    **Discussion**

    **1.**    **Applicable Law**

    The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required." U.S. Const. amend VIII. The Bail Reform Act of 1984 ensures this principle through 18 U.S.C. § 3142(b), which requires a court "to order the pre-trial release of a

---

[1] Doc. No 2 (Indictment).

[2] Doc. No. 23 (Minute Entry).

defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Sabhnani*, 493 F.3d 63, 74-75 (2d Cir. 2007) (quoting 18 U.S.C. § 3142(b)). Accordingly, the Bail Reform Act strongly favors pretrial release, and a court should only detain a defendant in the absence of existing conditions, or a combination of conditions of release, that would reasonably assure the appearance of the defendant as required and prevent danger to the community. *See* 18 U.S.C. § 3142(c)(1). In determining whether such conditions exist, a court must consider the factors outlined in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence…;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and [ . . . ]
>
> (4) the nature and seriousness of the danger to any person that would be posed by the person's release.

*Id.*

Where there is probable cause to believe a defendant has committed an offense under section 841(b)(1)(B), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and assure the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). However, when this rebuttable presumption is triggered, the defendant merely bears the "limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2011). In response, the defendant must only introduce "some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). When the defendant proffers such evidence, the presumption should be "weighed along with other factors to be considered" in deciding whether to release the defendant. *Id.*

The government "retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Mercedes*, 254 F.3d at 436. *See also United States v. Martir*, 782 F.2d. 1141, 1146 (2d Cir. 1986); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d. Cir. 1985); and *United States v. Rodriguez*, 950 F.2d at 88.

The Bail Reform Act requires a court to "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189); *see United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo*, 495 U.S. 711, 723-24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating the propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), *cert. dismissed sub nom.*, *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

### 2.     18 U.S.C. § 3142(c) Supports Mr. Peralta's Release

The charges against Mr. Peralta do not, alone, support a claim that he is a danger to the community or a flight risk. The government has not charged him with acts of violence or firearms usage. He does not have an aggravating role in the alleged offense.

Significantly, five financially responsible people are willing to sign a bond for Mr. Peralta's release. This group consists of Mr. Peralta's family and friends, including his mother who is a security officer for the New York City Health and Hospital Police. Their salaries range from $30,000 to $60,000 annually. Their decision shows that those who know Mr. Peralta, best, trust that he will return to Court and will not endanger our community.

Further, Mr. Peralta has deep ties to our community. He is a resident of the Bronx who resides with his mother and siblings. His family is extremely close. Mr. Peralta also has a girlfriend who lives in New York City, and the couple has a daughter they love. These ties show that Mr. Peralta will not flee.

Mr. Peralta's limited criminal history also supports his release. He has no adult felony or misdemeanor convictions. He has no warrant history. His most recent arrest – before this case – – occurred earlier this month and ended in his guilty plea to a violation of New York State Vehicle and Traffic Law § 509(1) and a $150 fine.

Pretrial Services has also recommended Mr. Peralta's release. Interestingly, Pretrial Services' own statistics support that recommendation. Its data has found that in the highest risk category only 2.9% of defendants were re-arrested for a violent crime and only 4.6% failed to appear.[3] These figures go directly to the points whether a defendant presents a "danger to the community" or "a risk of flight." *United States v. Mercedes*, 254 F.3d at 436. *See also United States v. Martir*, 782 F.2d. 1141, 1146 (2d Cir. 1986); *United States v. Chimurenga*, 760 F.2d at 405; and *United States v. Rodriguez*, 950 F.2d at 88.

---

[3] Thomas H. Cohen, et al., *Revalidating the Federal Pretrial Risk Assessment Instrument (PTRA): A Research Summary*, 83 Fed. Probation 23, 27 (September 2018), https://www.uscourts.gov/sites/default/files/82_2_3_0.pdf.

In conclusion, the proposed package, which includes strict supervision and electronic monitoring, would permit almost immediate detection of any efforts to commit future crimes or flee, thus serving as a strong deterrent.  *See, e.g., United States v. Esposito*, 309 F. Supp. 3d 24, 31 (S.D.N.Y. 2018) (ordering defendant's pretrial release subject to strict conditions as the "danger Esposito poses to the community can be reasonably mitigated by conditions of release," although finding that "there is sufficient evidence that Esposito has significant involvement and influence in violent activities").  The defense also stresses the extraordinary moral suasion that would be exerted on Mr. Peralta by the five sureties.

Accordingly, Mr. Peralta respectfully requests his release on bond.

Respectfully,

/s/Michael Hueston

cc:     Counsel of Record