```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                     -v-                                               :       22 Cr. 150 (JPC)
                                                                       :
MANUEL PERALTA,                                                        :       MEMORANDUM OPINION
                                                                       :             AND ORDER
                     Defendant.                                        :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On May 31, 2023, the Court sentenced Defendant Manuel Peralta principally to a term of imprisonment of 24 months, followed by three years of supervised release, after his guilty plea to conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  Dkts. 143 (judgment of conviction), 145 ("Sentencing Tr.") at 26:2-5.  Defendant is currently incarcerated at FMC Devens, with a projected release date of November 2, 2024.  *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 8, 2024).

On or about January 3, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.  Dkt. 151 ("Motion").  Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A). Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

Defendant is ineligible for a reduction in his sentence pursuant to Amendment 821. As relevant here, Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Although Defendant had no criminal history points prior to the offense giving rise to his current incarceration, *see* Dkt. 127 ("PSR") ¶¶ 53-56, he is ineligible for a reduction in his sentence. At sentencing, Defendant's offense level was 21 and his Criminal History Category was I, yielding a Guidelines range of 37 to 46 months' imprisonment. *See* Sentencing Tr. at Dkt. 144 at 6:19-7:13; *accord* PSR ¶ 94. Had Amendment 821 been in effect, it appears that Defendant's offense level would have been 19 (because he appears to qualify for the adjustment in U.S.S.G. § 4C1.1). Assuming an offense level of 19, with a Criminal History Category of I, Defendant's Guidelines range would have been 30 to 37 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. His sentence of 24 months' imprisonment, however, fell below the low end of that amended range.[1]

Defendant's motion additionally "asserts that he has made numerous positive changes in his life while incarcerated and continues his efforts to better all aspects of his life," pointing to programs he has completed while incarcerated. Motion at 2-3. To the extent that by citing his rehabilitation while incarcerated, Defendant seeks compassionate release from prison under 18

---

[1] In his motion, Defendant mistakenly asserts that his Guidelines, following a two-level reduction pursuant to U.S.S.G. § 4C1.1, would be 18 to 24 months. Motion at 2.

U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" for a sentence reduction, that application is denied as well. Initially, Defendant does not allege that he has exhausted his administrative remedies with the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant may not bring a motion for compassionate release under Section 3581(c)(1)(A) until "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"); *cf. United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) ("clarify[ing] that this exhaustion requirement is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather "a claim-processing rule that may be waived or forfeited by the government"). But assuming *arguendo* that a failure to exhaust does not bar a motion by Defendant under Section 3582(a)(1)(A)(i), his rehabilitative efforts during his incarceration, while commendable, cannot alone justify a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *accord* U.S.S.G. § 1B1.13(d) (explaining that rehabilitation of the defendant while serving the sentence "is not, by itself, an extraordinary and compelling reason," but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted"). Other than his mistaken view of the impact of Amendment 821 to his Guidelines range, Defendant points to no other ground for his early release from prison.

Accordingly, Defendant's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 151 and to mail a copy of this Memorandum Opinion and Order to:

>Manuel Peralta
>Reg. No. 91156-509
>FMC Devens
>P.O. Box 879
>Ayer, MA 01432

SO ORDERED.

Dated: January 8, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge